# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kolleen LeShalle Norris, | Case No. 18-CV-1675-DSD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Nanette Barnes, | |
| Respondent. | |

Petitioner Kolleen LeShalle Norris was sentenced to a 262-month term of imprisonment after pleading guilty to a drug offense in the United States District Court for the Eastern District of Texas. *See United States v. Norris*, No. 4:04-CR-0106 (27) (E.D. Tex.). Today she is incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Ms. Norris has filed a petition for a writ of habeas corpus in this District. *See* Petition [ECF No. 1]. From her petition it was clear that she was seeking relief from the sentence imposed in the Eastern District of Texas, but the basis on which she sought relief was unclear. The petition stated that she was denied "due process" and that the career-offender enhancement of the United States Sentencing Guidelines had been unlawfully applied in her case, without explaining *how* the enhancement had been unlawfully applied. Petition at 6. Ms. Norris also suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she

1

did not specify which decision. *See id.* at 7. Accordingly, the Court asked Ms. Norris to clarify her basis for relief. *See* ECF No. 2. The Court also asked Ms. Norris to explain why a habeas corpus petition was the appropriate vehicle for relief on the claim being raised. *Id.*

In her supplementary response, Ms. Norris argues that the career-offender enhancement imposed at sentencing in her case was invalid due to the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and related cases. *See* ECF No. 3. Ms. Norris further argues that a petition for a writ of habeas corpus is the appropriate vehicle through which to seek relief under *Dimaya* because such a claim cannot (she contends) be presented under 28 U.S.C. § 2255. Because § 2255 is unavailable, she claims it is "inadequate or ineffective to test the legality of [her] detention" and therefore leaves habeas corpus relief available to her. 28 U.S.C. § 2255(e).

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in

behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255."). Some circuits have concluded that at a minimum habeas corpus relief is appropriate where — as Ms. Norris argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review, as such

3

claims cannot be raised in a second or successive motion for relief under § 2255. *See* 28 U.S.C. § 2255(h); *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

The Court need not now determine whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness because it is too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which itself was determined to be a new rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding.

4

Thus, assuming that the other requirements of § 2255(h) are met[1] — the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on — Ms. Norris may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals.[2] It is worth noting, however, that if *Dimaya* claims could not be authorized under § 2255(h) for a reason *other* than those claims not relying upon a "constitutional" rule, dismissal of the

---

[1] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

[2] This assumes that any motion under § 2255 filed by Ms. Norris would be "second or successive" within the meaning of § 2255(h). It is not obvious that this is true. Ms. Norris states in her habeas petition that in 2012 she filed a motion under § 2255 raising ineffective assistance of counsel claims, *see* Petition at 4, but the Court has been unable to find a corresponding motion (or any other § 2255 proceedings initiated by Ms. Norris) on the docket for the Eastern District of Texas. Ms. Norris did collaterally challenge her conviction on the basis that the court lacked "territorial jurisdiction," but she did not invoke § 2255, and her motion was not interpreted by the court as one arising under § 2255, *see Castro v. United States*, 540 U.S. 375 (2003). If Ms. Norris has not filed a § 2255 motion challenging her Texas sentence or conviction, she has even less justification for seeking to invoke the savings clause, as claims based on new rules of statutory law are not foreclosed in *first* motions under § 2255.

Ms. Norris is warned, however, that should she pursue her *Dimaya* claim in the Eastern District of Texas pursuant to § 2255, any subsequent § 2255 motion she might *later* file would likely be subject to the restrictions on second or successive § 2255 motions imposed by § 2255(h). Ms. Norris should therefore consider carefully whether her *Dimaya* claim is worth pursuing before seeking relief on that basis in the Eastern District of Texas. Ms. Norris is particularly advised to review *Beckles v. United States*, 137 S. Ct. 886 (2017), where the Supreme Court held that, as to the case then before it, the sentencing guidelines were not subject to a challenge for vagueness.

5

petition would still be necessary. For instance, if *Dimaya* did not establish a "new rule," then petitioners invoking *Dimaya* would have no excuse for having failed to invoke the "old" rule previously, whether on direct appeal or in a motion under § 2255, and therefore would have forfeited their unobstructed procedural opportunity to raise the claim. *See Abdullah*, 392 F.3d at 963. And if *Dimaya* was not made retroactive to cases on collateral review, then petitioners simply could not rely upon *Dimaya* in any collateral proceedings, including habeas corpus proceedings. In either case, the claim's failure would not be due to § 2255 being "inadequate or ineffective," 28 U.S.C. § 2255(e), but due either to the petitioner's lack of diligence or to the claim being limited to cases that have not yet become final.

Ms. Norris has not justified her invocation of the savings clause. The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date: October 31, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).